# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY LEE BRIDGES JR., | CASE NO. 07CV1714 WQH (BLM) |
| Petitioner, | ORDER DISMISSING CASE WITHOUT PREJUDICE |
| vs. | |
| J.L. NORWOOD, | |
| Respondent. | |

HAYES, Judge:

On September 5, 2007, Petitioner filed the present case, styled a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. # 1). Petitioner, who is currently incarcerated at United States Penitentiary (USP) Victorville in Adelanto, California, alleges that his life is in danger, and seeks transfer to either another federal prison or to a state prison in California. Petition (Pet.) at 14-16. Petitioner also seeks to have surgery to repair a hernia, and alleges that the Bureau of Prisons is improperly denying him the surgery. Pet. at 17.

## DISCUSSION

### I. Bivens Action as Opposed to a Habeas Proceeding

28 U.S.C. § 2241 allows a prisoner to challenge an underlying conviction or a sentence in a habeas proceeding. "However, where a Petitioner seeks to challenge the conditions of his confinement, his claims are cognizable in a civil rights action rather than a habeas corpus action." *Jennings v. Shultz*, CV F 05-0549 OWW DLB HC, 2005 U.S. Dist. LEXIS 36172, *2 (E.D. Cal. Jun. 10, 2005); *see also Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991). "In the federal context, *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), provides [Petitioner] with a remedy for violation of civil rights by federal actors." *Id.*

After reviewing Petitioner's claims and allegations, the Court concludes that Petitioner seeks to challenge the conditions of his current confinement. Accordingly, the Court will construe

1  Petitioner's Petition for Writ of Habeas Corpus as a *Bivens* civil rights action. *See Brooks v. Schultze*,
2  C 99-5423 MEJ (PR), 2000 U.S. Dist. LEXIS 3223, *2-4 (N.D. Cal. Feb. 14, 2000).

**II. Venue**

Pursuant to 28 U.S.C. § 1391(b), a civil action founded on federal question jurisdiction may be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. Here, Petitioner is currently incarcerated in Adelanto, California, and challenges the conditions of his confinement at USP Victorville in Adelanto. Petitioner names as the Respondent/Defendant the prison warden, and notes that the warden resides in Adelanto, California.

Adelanto, California, is located in San Bernardino County, and is within the territorial limits and jurisdiction of the United States District Court for the Central District of California, Eastern Division, not the United States District Court for the Southern District of California. *See* 28 U.S.C. § 84(c)-(d). As the Petition does not allege that a Defendant resides in the Southern District of California, and as it is clear that none of the events described in the Petition occurred in the Southern District of California, the Court concludes that venue is not proper in the United States District Court for the Southern District of California.

Pursuant to 28 U.S.C. § 1406, "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." *See King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992). Given that this action is improperly styled as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, the Court concludes that dismissal of this action is the proper at this time.

**CONCLUSION**

The Court concludes that Petitioner's Petition for Writ of Habeas Corpus is properly construed as a *Bivens* action. However, the Court concludes that venue is improper in the Southern District of California under the facts alleged. Accordingly, the Court hereby DISMISSES this action without

1  prejudice and with leave to amend pursuant to 28 U.S.C. § 1406.  If Petitioner chooses to refile this
2  case, he should refile in the United States District Court for the Central District of California, Eastern
3  Division.  Petitioner's motion for leave to proceed in forma pauperis (Doc. # 2) is DENIED as moot.

**IT IS SO ORDERED**.

DATED:  September 13, 2007

                                       **WILLIAM Q. HAYES**
                                       United States District Judge